## WILLIAM MULLIN v. CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Submitted December 5, 1908—Decided February 23, 1909.

1. Where a foreman in charge of the work of repairing switches in a railroad yard is charged with the duty of warning those who are at work under him of the approach of locomotives to a switch which is being repaired, his failure to give such warning is imputable to the common master.
2. Where a workman in the discharge of his duty has placed himself in a position of probable danger, relying upon receiving timely warning before the danger becomes actual, and he is injured because no warning is given, the question whether he is guilty of contributory negligence is for the jury.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *George Holmes* and *George H. Large.*

*Contra, William C. Gebhardt.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Plaintiff, an employe of the defendant company, while engaged at work in repairing a switch

in the company's drill yard at Phillipsburg, on the night of January 22d, 1906, was run down by an engine, and one of his legs was so badly crushed as to necessitate amputation below the knee. At the time of the accident he was connecting one of the bolts to the switch. This bolt was directly under the rail, and the plaintiff, in order to do his work properly, was required to sit upon the rail and lean over so that his head was nearly on a level with it. It was proved on behalf of the plaintiff, and not denied on the part of the defendant, that when employes of the company were engaged at work in repairing switches it was the custom to have the foreman who was in charge of the work give warning of the approach of engines or cars, and that the plaintiff's foreman, who was overseeing him in the repair of the switch, failed to notify him that the engine was coming. It further appeared from the testimony of the plaintiff that he heard no whistle blown or bell rung to indicate the approach of the engine. On behalf of the defendant it was shown that the engineer, before running his engine down upon the switch, blew three blasts upon his whistle as a warning that he was coming, but it also appeared in the defendant's case that there were half a dozen engines around the yard at the time. The jury rendered a verdict in favor of the plaintiff, and assessed his damages at $6,000.

The defendant contends that the verdict against it should be set aside for three reasons: *First,* because the proofs disclose no negligence on its part; *second,* because the plaintiff contributed to the accident by his own negligence, and *third,* because the damages are excessive.

The first reason can be disposed of by reference to our decided cases. In *D'Agostino* v. *Pennsylvania Railroad Co.,* 43 *Vroom* 358, it was held by this court that where a track laborer is injured by an engine running over him because of the failure of his foreman to give the customary warning of its approach, the failure of the foreman to perform this duty is imputable to the defendant company. In the later case of *Germanus* v. *Lehigh Valley Railroad Co.,* 45 *Id.* 662, the Court of Errors and Appeals declared that where the

custom of giving warning to track repairers by the foreman is proved, the master is responsible for the failure of the foreman properly to discharge that duty. These two cases are decisive of the first reason upon which the defendant seeks a new trial.

The contention that the plaintiff was negligent in not observing the approach of the engine is also without substance, we think. It was impossible for him to properly perform the work upon which he was engaged, and at the same time to be constantly on the lookout for cars and engines which were moving about the yard. He knew that his foreman was there, and he had a right to presume that he would give him timely warning when danger threatened. Where a workman in the discharge of his duty has placed himself in a position of probable danger, relying on receiving timely warning before the danger becomes actual, and he is injured because no warning is given, the question whether he is guilty of contributory negligence is for the jury (*D'Agostino* v. *Pennsylvania Railroad Co., supra;* *Germanus* v. *Lehigh Valley Railroad Co., supra*), and the conclusion of the jury in the present case that the plaintiff displayed reasonable care for his own safety in relying upon the watchfulness of his foreman to protect him against danger from cars and engine, is, we think, entirely justified by the testimony. It is urged on behalf of the defendant that even if it be conceded that ordinarily a workman placed in such a position as was the plaintiff, may rely on his foreman to warn him against approaching dangers, nevertheless the plaintiff was negligent in not observing the notice given to him by the blowing of the whistle upon the engine, which was done just before it moved down to the switch. But it must be remembered that there were at least six other engines about the yard, and, this being so, it is difficult for us to see how the mere fact that one of these engines blew three blasts of its whistle was any indication to him that he was about to be put in actual danger by the movement of the engine which ran him down.

The third reason advanced for the setting aside of this verdict, however, we think, is meritorious. The plaintiff was fifty-four years of age at the time of the trial. He was an ordinary laborer earning, at the time of the accident, from $1.25 to $1.40 a day. Although the loss of his leg is a very serious injury, yet he admits that with the help of an artificial leg he is able to get around with sufficient dexterity to earn about the same wages since the accident as he was receiving before it occurred. It does not appear that he was put to any expense for surgical or medical treatment. In view of the plaintiff's age, and of his limited earning capacity before the accident, coupled with the fact that his present earnings seem to be but little, if at all, diminished by the loss of his leg, we are of opinion that an award of $3,500 would have been a full compensation for the injuries received by him. If he will consent to a reduction of the verdict to that amount he may enter judgment; otherwise the rule to show cause will be made absolute.